Mr. Justice Johnson
delivered the opinion of the court:
The.defendant has a legal right to defend himself against the action of the plaintiff on as many different grounds as the nature of the action, and the merits of his defence will allow, and as a right, the court has no power to withhold it. The only limitations to it are,
1 st. That they shall not involve the ridiculous absurdity of being inconsistent, and,
2dly. That they shall not operate as a surprise on the plaintiff, by being made at the moment of the trial, when he cannot be expected to meet them.
Within these limitations, the court has no control over the right, and the whole object of applying for leave to plead double, is to preserve them : so that in truth, the filing of consistent double pleas, so far as their merit is concerned, is a mere motion of course, which only requires the signature of counsel. (I Chitty on Pleading, 610.,) It is not denied, that according to the uniform practice, these pleas are to be regarded as consistent. Indeed I have never heard it questioned, and the only question is whether in respect to the order obtained, and the filing of the plea, it ivas calculated to surprise the plaintiff. The order had been obtained at a preceding term, and the plea filed in vacation in the usual way, and if the plaintiff had been vigilant, he must have been apprised of it in time to prepare to meet it, and if in truth he was not, it might have been the foundation of an application to the discretion of the court for a continuance ; hut that was not the object; for it is apparent that this motion was an effort to get rid of a legal, and therefore a meritorious defence, which would probably, and in the result, will be fatal to the plaintiff’s case.
*151 There is another view of this question. The effect of striking out this plea would have been a virtual rescisión of the order under which it was filed ; and notwithstanding there may be cases of extreme hardship or gross fraud which would justify the court in rescinding the orders of a preceding term, yet, in this case, both the order to file the plea, and the application to strike it out, were addressed to the discretion of the court, and if it was ¡permitted in those cases, there would be an end to every thing like judicial discretion. The cases of Durant vs. Staggers, (2 Nott & McCord, 288,) and Macon vs. Mathis, (1 McCord, 172,) are, I think, decisive on this question.
The motion for leave to enter up judgment on the special verdict generally, involves a question of more importance. The finding as to the time when the plaintiff purchased, and when he came to the knowledge that the negro was unsound, is applicable- only to the enquhy as to the time when the action may be said, within the meaning of the statute to have accrued. But a discussion of that question is superseded by the fact, that the defendant remained here more than a month after the last event — so that whether the action accrued at the time the contract was made, or when the unsoundness of the negro was known to the plaintiff,' is unimportant, as the statute in either event had commenced to run before the defendant went away, and if it continued to run, the plaintiff was barred at the time the action was brought. The only question submitted by the special verdict therefore, is whether the statute having once began to run, its operation was or was not suspended, by the defendant’s going out of the state ? The negative of this proposition, as a general rule, has never been controverted. It is the received doctrine in the English courts. It prevails in New York, and the case of adm’rs of Adamson vs. Smith, (2 Const. Decisions, 273,) decided by this court, is in accordance with it. For the doctrine and cases applicable to it, I refer without comment to the case of Faysoux vs. Prather, (1 Nott & McCord, 303,) where they are col *152 lected and digested in the most masterly manner. 1b referring to this case., it is not intended to revive the discussion of the question there agitated, and which some of my brethren regard as still unsettled, but with a view barely to notice, that this case does not fall within the reason of the exception contended for in opposition to the operation of the rule. The contest there was whether the saving in the statute in favor of infants did or did not extend to cases where the right which accrued, -was incumbered with a partial operation of the statute; as in. that case, where a descent is cast after the statute has began to run against the ancestor ? But here the plaintiff and defendant are tlie immediate parties to the transaction, out of which the action arose ; and, admitting for the sake of argument, that that case constituted an exception, this is not analogous to it, and it was incumbent on the plaintiff to shew that there was another, within which, this case comes. No case of the sort has been produced, and I believe none such exist. The converse appears to me.so palpable that the probability is that the question has never been made.
Pepoon, -for the motion.
King, contra.
The motion is therefore refused, and leave given to en» ter up judgment for the defendant.
Justices Nott, Richardson and Cotcock, concurred»-
Gantt, Justice, dissented.